United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZANA BRISKI,

    Plaintiff,

v.

DOROTHY HERSEY,

    Defendant.

No. C 17-02675 WHA

**ORDER RE MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## INTRODUCTION

Following entry of default, plaintiff moves for default judgment. To the extent stated below, her motion is **GRANTED**.

## STATEMENT

Plaintiff Zana Briski is a professional artist and photographer in New York. In October 2016, she consigned for sale eleven of her photographs and one photograph by fellow artist Chuck Kelton to defendant Dorothy Hersey, an art dealer in Menlo Park. In the consignment contract, the parties agreed that Briski's artwork should be priced at $164,000 in total. Also pursuant to the contract, Hersey agreed to assume full responsibility for the photographs until they were either sold, or returned to Briski. This included a provision that the photographs would be handled "according to recognized art care and preservation standards" (Dkt. Nos. 29 ¶¶ 1, 4–6; 29-1 at 5).

In January 2017, the art hadn't sold. Hersey agreed, via text message, that if it was not sold by the end of February, she would return the work to Briski. February ended without any sale. Hersey nevertheless failed to return the photographs. Briski learned that Hersey had arranged to eventually ship the artwork with a shipping service that Briski found to be unacceptable because of its lack of experience and expertise handling fine art. Briski objected to the use of the shipper, and, after being unable to agree on other arrangements, scheduled what she considered to be a qualified shipper to pick up the art at Briski's own expense. In May 2017, shortly before the pickup, Briski filed this lawsuit against Hersey for breach of contract and conversion (Dkt. Nos. 29 ¶¶ 11–12, 14–17; 29-5).

After learning of this lawsuit, Hersey refused to return the photographs, telling Briski "[t]he artwork is not leaving now." Hersey, however, failed to respond to Briski's suit, and on June 9, Briski moved for default. The clerk entered default on June 15 (Dkt. Nos. 11, 12).

On June 23, Briski learned that Hersey had been evicted from her home where the artwork had been stored and was in a contentious legal battle with her former landlord. Briski moved herein for provisional relief seeking the immediate return of her artwork. After requiring service on Hersey and allowing her time to respond, the Court held a hearing on Briski's motion. Hersey did not appear or submit any opposition, and after consideration of the merits, an order granted Briski a preliminary injunction requiring Hersey to return Briski's photographs by July 14 (Dkt. No. 15-2 at 21, 19, 21, 22, 29 ¶¶ 19–20).

On July 7, Briski received a telephone call from Kate Powers, an art gallery owner in Menlo Park, who informed Briski that she had encountered Hersey standing on the street after having been evicted from her home. At the time of this encounter, Hersey had Briski's photographs with her, so Powers offered to store the photographs at her gallery for the time being. Powers took five of the photographs back to her studio where she cleaned and wrapped them. When Powers learned, through a mutual friend, that the photographs were the subject of a lawsuit, she contacted Briski to inform her that she had taken possession of them and would arrange for their return to Briski. On July 14, Briski picked up the five photographs from Powers. On July 25, she picked up the remaining works from Hersey (Dkt. Nos. 29 ¶¶ 21–24;

29-9 at 2–5).

Briski has submitted a declaration stating that when she retrieved her photographs, the frames of each of her eleven pieces were damaged beyond repair. Because the photographs "once fit to the frames cannot be taken out and resold in new frames," Briski states that "Irreparable damage to the frame is irreparable damage to the work." Accordingly, she declares that "The artwork was rendered unsellable by Ms. Hersey's mistreatment." In support of her declaration, she includes photographs of some of the artwork (though it is not clear how many of her works, since most of the photographs are close-ups of portions of the frames), which show minor damage to the frames (Dkt. Nos. 29 ¶¶ 22, 25; 29-10; 29-12).[1]

Briski now seeks entry of default judgment and damages in the total amount of $303,602.59. This consists of the full value of all of her photographs based upon the agreed-upon retail sales price included in the consignment agreement ($164,000), the cost of crating and shipping her artwork to California and back to New York ($7,857.79), emotional distress ($100,000), punitive damages ($30,000), and costs incurred prosecuting this action and attempting to serve Hersey ($1,744.80) (Dkt. Nos. 28 at 7–9).

**ANALYSIS**

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." A district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986) (citation omitted). Here, these factors

---

[1] Briski does not explain *why* the photographs cannot be taken out of the frames and resold in new frames.

3

favor entry of default judgement against defendant.

**1. MERITS AND SUFFICIENCY OF THE COMPLAINT.**

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint are deemed true, except for the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.2002). Consequently, this order finds that the *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against Hersey.

Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract, (2) performance by the plaintiff, (3) a breach by the defendant, and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1399 (1990). To prevail on a conversion claim, a plaintiff must show (1) the plaintiff's ownership or right to possession of the property at the time of conversion, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (internal quotation omitted).

Plaintiff's complaint establishes each element of each claim. In short, in October 2016, the parties entered into a consignment agreement providing that Hersey would assume full responsibility for the artwork until sold or returned to Briski (Compl. ¶¶ 9–10; Dkt. No. 21-1). In January 2017, they agreed that Hersey would return all unsold artwork by the end of February 2017 (Compl. ¶ 12; Dkt. No. 29-2). Hersey failed to return the artwork at the agreed upon date and continued to refuse to return it until the July order (Compl. ¶¶ 13-14, 21). When she did return the artwork, it was damaged and Briski had to pay for the shipping and handling in contravention of their contract (Dkt. No. 28 at 3–4).

**2. THE POSSIBILITY OF DISPUTE OF MATERIAL FACTS AND EXCUSABLE NEGLECT.**

Because Hersey has failed to appear or submit any opposition to Briski's motion, the factual allegations presented by Briski are taken as true. *TeleVideo Sys.*, *Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Moreover, in the correspondence Briski attached to her motion for preliminary injunction, Hersey admits that she was obligated to return the artwork (Dkt. 16-3 at 6–7). There is little possibility of any dispute of material facts regarding this obligation.

4

Additionally, Hersey has neglected this case. Hersey was first served four and a half months ago (Dkt. No. 10). She took no action, and the clerk entered default. Briski then served Hersey with a motion for a temporary restraining order (converted into a motion for preliminary injunction) in late June, and Hersey failed to respond to that motion or appear at the hearing (Dkt. No. 20, 21). On September 28, Briski again served her with notice of a hearing on default judgment, and Hersey has again failed to submit any opposition or appear in this action.

Although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment is proper.

### 3. DAMAGES.

For the purposes of default judgment, a court does not accept allegations relating to damages as true but must make an independent evaluation of claimed damages. *TeleVideo Sys.*, 826 F.2d at 917-18. Here, Briski seeks $303,602.59 in damages; however, much of what she seeks is not supported by the facts or relevant law.

*First*, she seeks $164,000 for the artwork that has since been returned to her. This represents the full retail sales price of the work (*see* Dkt. No. 29-1). Briski seeks this amount because all eleven of her photographs were allegedly irreparably damaged while in Hersey's possession (Dkt. 29 ¶¶ 22, 25). Though Briski admits that only the frames were damaged, she states that the photographs "once fit to the frames cannot be taken out and resold in new frames," and therefore "[i]rreparable damage to the frame is irreparable damage to the work" (*ibid.*). Briski has not explained why the frames cannot be replaced or repaired at a cost of less than the total estimated value of her paintings. Nor is her assumption that the artwork is now worthless — due to what appears to be minor damage to the frames (*see* Dkt. Nos. 29-10, 29-12) — reasonable. Briski has not submitted any evidence, aside from her own pithy say-so, supporting this dramatic decrease in the value of the art.

Moreover, the agreed-on retail sales price does not translate to value. We must remember that no one bought the works at that price. It was merely what the two agreed they would try to get. And, even if the full price had been fetched, the dealer would have kept twenty five percent of the sale. Via a default, Briski wants to reap the full sales price (without

5

deduction for commission) *and* wants to keep the works. The Court will not be a party to such an inequity.

Ordinarily, the measure of damages for harm to personal property is either the diminution in value or the reasonable cost of repair. *Pacific Gas & Elec. Co. v. Mounteer*, 66 Cal. App. 3d 809, 812 (1977). Briski's request for the full value of her artwork is unreasonable, and would result in an inequitable windfall. Accordingly, given Briski's failure to provide proof of actual damages, this order awards one dollar in nominal damages for the artwork, which has now all been returned to her.

*Second*, Briski seeks $100,000 for emotional distress suffered as a result of being unable to secure the return of her artwork, and, upon retrieving it finding it was irreparably damaged. Except in very narrow circumstances not present here, emotional distress damages are not recoverable in a breach of contract action. *Erlich v. Menezes*, 21 Cal. 4th 543 (1999). Emotional distress damages are, however, available as a remedy for conversion. *Gonzales v. Pers. Storage, Inc.*, 56 Cal. App. 4th 464, 477 (1997). Medical evidence is not required to establish emotional distress damages, and such damages may be established by testimony or inferred from the circumstances. *Johnson v. Hale*, 940 F.2d 1192, 1193 (9th Cir. 1991).

Here, Briski has not made a strong showing to support the damages claimed. She cites *Hernandez v. Madrigal*, No. CIV. S-09-0413 MCE, 2011 WL 6936364, at *3 (E.D. Cal. Dec. 30, 2011) (Magistrate Judge Gregory Hollows), as a supposedly comparable case, but there the defendant lost all equity in his property due to a fraudulent loan scheme, spent four years of sleepless nights, and had such sustained stress that it resulted in persistent, severe stomach pains. In *Hernandez*, the court noted that awards for emotional damages of the this type span a wide range, from $5,000 to $125,000, and ultimately awarded the plaintiff $75,000. In contrast to *Hernandez*, Briski's complaint covers a period of only five months. During this time, she declares she was unable to sell her photographs, which put financial strain on her, and that she suffered from a variety of anxiety-related symptoms including migraines, depression, and inability to sleep (Dkt. No. 28 at 8). Given the limited time frame of her distress, and the fact that she was able to recover her artwork, an award of $5,000, the low end of the wide range

cited by Briski, is all that is warranted.

*Third*, Briski seeks $30,000 in punitive damages. Under California law, punitive damages are appropriate where "the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287, 31 Cal.Rptr.2d 433 (1994); see also Cal. Civ.Code § 3294(a). For punitive damages to be awarded, the plaintiff must establish by clear and convincing evidence that the defendant is guilty of fraud, oppression, or malice. *Henry v. Lehman Commercial Paper, Inc.*, 471 F.3d 977, 998 (9th Cir. 2006). Here, Briski has failed to make such a showing. This instead appears to be a garden-variety contract dispute, in which Briski is entitled to actual damages, but no more.

*Fourth*, Briski seeks $7,857.79 for the cost of packaging and shipping her artwork to California, and then back to New York. Pursuant to her agreement with Hersey, Hersey was responsible for all shipping and crating expenses (Dkt. No. 29-1 at 5). Briski spent $3,412.33 shipping her art from New York to California (Dkt. No. 29 ¶ 8; Exh. 3). She then spent $1,055.46 to have her photographs recovered from Powers shipped to a storage facility and another $3,390 to have all of her photographs shipped back to New York, totaling $7,857.79 (Dkt. No. 29 ¶¶ 26–27; Exhs.13–14 ). She is entitled to the full amount of these costs.

*Fifth* and finally, Briski seeks $1,744.80 in costs incurred prosecuting this action and attempting to serve Hersey. Briski is entitled to recover the full amount of these costs.

## CONCLUSION

For the foregoing reasons and to the extent stated herein, Briski's application for default judgment is **GRANTED**. **FINAL JUDGMENT IS HEREBY ENTERED** in favor of plaintiff Zana Briski, and against defendant Dorothy Hersey. Defendant is ordered to pay $14,602.59 in damages, representing shipping and crating costs, emotional distress damages, and court costs. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: October 5, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE